UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fela Jamison, #293126, | ) C/A No. 4:15-2794-MGL-TER |
| Petitioner, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Warden Taylor, | ) |
| Respondent. | ) |

The Petitioner, Fela Jamison ("Petitioner"), a self-represented prisoner confined at Manning Correctional Institution filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (2)(c) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner indicates that he is serving a 15 year sentence after pleading guilty to various state court criminal charges in General Sessions Court for Richland County, South Carolina. See Doc. # 1 and 7.[1] Petitioner complains that he has not been given the correct amount of sentence credits toward his South Carolina Department of Corrections (SCDC) sentence.

**DISCUSSION**

A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of

---

[1] Petitioner initially filed his case on a court approved form for a 28 U.S.C. Section 2254 petition. However, as it was clear that he sought jail time credits he allegedly was entitled to, but did not receive, he was provided a 28 U.S.C. Section 2241 form, which he completed and submitted to the Court. The Amended Petition was filed on August 3, 2015.

1

the pro se petition filed in this case pursuant to the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

This court is required to liberally construe pro se petitions. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Pro se petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court

---

[2]The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

2

may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

  B.  Analysis

  The allegations of the Petitioner's complaint relate to the computation of his sentence and are thus cognizable under 28 U.S.C. § 2241. Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under Section 2241. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); Timms v. Johns, 627 F.3d 525 (4th Cir.2010)(holding that a prisoner must exhaust his administrative remedies prior to pursuing habeas corpus relief pursuant to 28 U.S.C. § 2241). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). In order to exhaust his state remedies attacking the execution of his sentence, Petitioner must follow the procedure set out in Al-Shabazz v. State of South Carolina, 338 S.C. 354, 527 S.E.2d 742, 750 (S.C.2000); see also Slezak v. S.C. Dep't of Corr., 361 S.C. 327, 605 S.E.2d 506, 507 (S.C.2004). Generally, a state prisoner's sentence calculation claim will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly being raised through the prison grievance process with appeal to the South Carolina Administrative Law Court, rather than through a post-conviction relief ("PCR") application filed in circuit court. See Al-Shabazz, 338 S.C. 354, 527 S.E.2d 742. Pursuant to the South Carolina Administrative Procedures Act ("SCAPA") and the South Carolina Appellate Court Rules, an inmate

who is dissatisfied with the decision of the Administrative Law Court may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. S.C.Code Ann. § 1-23-610; Rule 242, SCACR. Therefore, Petitioner must exhaust his administrative remedies available through the SCDC grievance process, and then he must fully exhaust his state court remedies as provided in the SCAPA before he brings his petition for federal habeas review.

As it appeared from the face of Petitioner's petition that he had not properly exhausted his administrative remedies before filing this action, the Court, by Order filed August 18, 2015, submitted special interrogatories to Petitioner for information regarding the issue of exhaustion.[3] In his response to the Interrogatories, Petitioner indicated that he had not utilized all of the available procedures in the prison grievance system related to this issue. By way of explanation, Petitioner indicated that he "tried to put a grievance in this matter, but every caseworker I've had informed me that only my sentencing judge could restore my county jail time, and that I had to go through the court system before SCDC could be ordered to comply." Petitioner did not respond to the remaining interrogatories related to potential appeals to the ALC, the South Carolina Court of Appeals, and/or the South Carolina Supreme Court, other than to note that certain questions were "N/A." Based on the foregoing, the court finds that Petitioner did not fully and properly exhaust his state court remedies with regard to his claim that his sentence has been miscalculated by the SCDC. See Matthews, 105 F.3d at 911 ("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court."). Thus, before Petitioner may proceed with his sentence miscalculation claim for review in this Court, he must first exhaust his state administrative remedies available through the SCDC grievance process (Steps 1 and 2), and then he must fully exhaust his

---

[3] If failure to exhaust is apparent from the face of the Complaint, the Court may dismiss the case sua sponte. See generally, Anderson v. XYZ Prison Heath Servs., 407 F.3d 674, 681–82 (4th Cir 2005).

4

state court remedies as provided through the SCAPA.[4] Therefore, it is recommended that this case be summarily dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice and without requiring the respondents to file a return.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 16, 2015
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

---

[4]Even if a habeas petition under 28 U.S.C. § 2254 were the proper vehicle through which to raise a sentence calculation claim, the petition would be dismissed for failure to exhaust as Petitioner has not obtained a final order from the highest court with jurisdiction to decide it. See Tippett v. McCall, 2011 WL 826293 (D.S.C. March 1, 2011), appeal dismissed, 2011 WL 2160951 ( 4th Cir. June 1, 2011).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).